**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 13 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

ALVARO GONZALEZ MARTINEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-70484

Agency No. A215-855-221

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 11, 2022[**]
Pasadena, California

Before:  WARDLAW and HURWITZ, Circuit Judges, and IMMERGUT,[***]
District Judge.

Alvaro Gonzalez Martinez, a native and citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals (BIA) dismissing his

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Karin J. Immergut, United States District Judge for the
District of Oregon, sitting by designation.

appeal of an order by an Immigration Judge (IJ) denying his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). We have jurisdiction under 8 U.S.C. § 1252. We dismiss the petition in part and deny it in part.

1. We lack jurisdiction to review the agency's discretionary determination to deny cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Nakamoto v. Ashcroft*, 363 F.3d 874, 880–81 (9th Cir. 2004). Gonzalez also does not raise a colorable legal or constitutional claim over which we have jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D). We have jurisdiction "to review whether the [agency] considered [relevant] evidence," *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012), and we conclude that the BIA recognized and considered the positive and negative equities, including the circumstances surrounding Gonzalez's prior DUI convictions.

2. We need not reach Gonzalez's other contentions as to cancellation of removal, including whether the BIA erred in its hardship determination, given that the agency's discretionary determination that he did not warrant cancellation of removal, even if otherwise eligible, is dispositive. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (explaining courts need not decide issues unnecessary to the results they reach).

3. Finally, we reject Gonzalez's argument that we should remand to the agency for termination of his removal proceeding in light of *Gonzalez v. ICE*, 975

F.3d 788 (9th Cir. 2020). Because Gonzalez failed to raise this contention in front of either the IJ or BIA, we lack jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004); *Tejeda-Mata v. INS*, 626 F.2d 721, 726 (9th Cir. 1980) (explaining that "this court does not sit as an administrative agency for the purpose of fact-finding in the first instance").[1]

**PETITION FOR REVEW DISMISSED in part; DENIED in part.**

---

[1] Although *Gonzalez v. ICE* was decided after Gonzalez's briefing to the BIA was due, he never made any objection to his arrest in the agency proceedings. *See, e.g.*, *Roy v. Cnty. of Los Angeles*, Nos. CV 12-09012-BRO(FFMx), CV 13-04416-BRO(FFMx), 2016 WL 5219468 (C.D. Cal. Sept. 9, 2016) (certifying classes); *Roy v. Cnty. of Los Angeles*, Nos. CV 12-09012-BRO(FFMx), CV 13-04416-BRO(FFMx), 2017 WL 2559616 (C.D. Cal. June 12, 2017); *Gonzalez v. ICE*, 416 F. Supp. 3d 995 (C.D. Cal. 2019).